People v Ayala-Gonzalez (2018 NY Slip Op 08817)





People v Ayala-gonzalez


2018 NY Slip Op 08817


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1261 KA 16-01597

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ABIMAEL AYALA-GONZALEZ, ALSO KNOWN AS JAVI, ALSO KNOWN AS RABITO, ALSO KNOWN AS MIJO, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 17, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from the fatal shooting of the victim outside a residence on Herkimer Street in Buffalo. Defendant contends that the conviction is not supported by legally sufficient evidence primarily because there is no direct evidence that he fired the shot that killed the victim. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Pichardo, 34 AD3d 1223, 1224 [4th Dept 2006], lv denied 8 NY3d 926 [2007] [internal quotation marks omitted]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, prosecution witnesses testified that defendant was observed arguing with the victim about poor quality drugs earlier on the day of the shooting and that, later in the day, gunshots were heard and a man with a blond ponytail, i.e., a distinguishing feature of defendant's appearance, was observed with a gun in his hands running toward West Delavan Avenue, near Herkimer Street. Prosecution witnesses also testified that, around the same time, defendant ran to a yellow pickup truck on West Delavan Avenue with a gun in his hand. We therefore conclude that there is ample evidence in the record from which the jury could have reasonably concluded that defendant possessed a weapon and fired the shot that killed the victim. Additionally, upon viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, Supreme Court did not err in denying defense counsel's request for a racial identification charge (cf. People v Boone, 30 NY3d 521, 526 [2017]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We further conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court